UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JANE DOE, individually, and JOHN DOE, a minor, by and through his parent and next friend, JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>JENNINGS COUNTY SCHOOL CORPORATION, CYNTHIA LAW, in her individual capacity, TIM POER, in his individual capacity, SCOTT ALCORN, in his individual capacity, TANYA PERRY, in her individual capacity, LM INSURANCE CORPORATION; and LIBERTY INSURANCE CORPORATION,<br><br>Defendants. | ) CASE : 4:26-cv-00085-SEB-KMB |

**DEFENDANTS, JENNINGS COUNTY SCHOOL CORPORATION, CYNTHIA LAW AND TIM POER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Come now Defendants, Jennings County School Corporation (hereinafter "JCSC"), Cynthia Law (hereinafter "Law") and Tim Poer (hereinafter "Poer"), by counsel, and for their Answer to the Plaintiffs' First Amended Complaint state the following:

JURISDICTION AND VENUE

1. Plaintiffs assert civil rights claims for violations of the Fourteenth Amendment of the Constitution of the United States of America made actionable pursuant to 42 U.S.C. § 1983. Plaintiffs assert a claim for damages pursuant to Section 504 of the Rehabilitation Act of 1973 (hereinafter "Section 504") for the Jennings County School Corporation's deliberate indifference to the bullying, harassment and sexual abuse visited upon John Doe by another student. Plaintiffs also assert state law claims for negligence, negligent infliction of emotional distress, and

negligence per se. Finally, Plaintiffs file a declaratory judgment action pursuant to 28 U.S.C. §§ 2201-2202 against Jennings County School Corporation and its liability insurance carriers, LM Insurance Corporation and Liberty Insurance Corporation, as well as the other Defendants as interested parties, to determine coverage for Plaintiffs' claims under the liability insurance policies issued to the Jennings County School Corporation.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.**

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 as well as 42 U.S.C. §§ 1983. Plaintiffs invoke the supplemental jurisdiction of this Court to hear and decide the declaratory judgment action and Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367.

**ANSWER: Defendants JCSC, Law and Poer admit that the Court has jurisdiction over the matter as the matter has been pled by the Plaintiffs.**

3. The acts and omissions giving rise to the Plaintiffs' claims arose in the City of North Vernon, Jennings County, Indiana. Thus, pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the United States District Court, Southern District of Indiana, New Albany Division.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.**

PARTIES

4. At all times relevant herein, Plaintiff Jane Doe was the mother and natural guardian of her son, John Doe, a minor, age 7. Plaintiffs reside in North Vernon, Jennings County, Indiana.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint.**

5. Defendant Jennings County School Corporation (hereinafter "JCSC"), is a school district in Jennings County, Indiana, which operates elementary schools, a middle school, and a high school, including Sand Creek Elementary School.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint.**

6. At all times relevant Defendant Cynthia Law was the Principal of Sand Creek Elementary School.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.**

7. At all times relevant, Defendant Tim Poer was the Transportation Director for JCSC.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.**

8. At all times relevant, Defendant Scott Alcorn (hereinafter "Alcorn"), was the bus driver operating a special needs transport bus for JCSC.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.**

9. At all times relevant, Defendant Tanya Perry (hereinafter "Perry"), was a bus monitor on the special needs transport bus driven by Alcorn.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained**

**in Paragraph 9 of Plaintiffs' First Amended Complaint.**

10. At all times herein, the individual defendants were acting under color of law.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.**

11. At all times herein, the individual defendants were acting within the course and scope of their employment for JCSC.

**ANSWER: Defendants JCSC, Law and Poer deny that Law was acting within the course and scope of her employment as the Principal of Sand Creek Elementary School during the relevant times herein but admit that Law and Poer were employed with JCSC at all relevant times herein and are further without sufficient information to admit or deny the remaining material allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.**

12. Defendant, LM Insurance Corporation, is an insurance company that is licensed to write insurance policies in Indiana. LM Insurance Corporation is a corporation organized and existing under the laws of the State of Massachusetts and is thus a citizen of Massachusetts.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.**

13. Defendant, Liberty Insurance Corporation, is an insurance company that is licensed to write insurance policies in Indiana. Liberty Insurance Corporation is a corporation organized and existing under the laws of the State of Massachusetts and is thus a citizen of Massachusetts.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint.**

FACTUAL ALLEGATIONS

14. At all times herein, Defendant Jennings County School Corporation operated and controlled a fleet of school buses on which students, including John Doe and Student 2, rode to and from school.

**ANSWER**: **Defendants JCSC, Law and Poer admit that the bus which John Doe and Student 2 rode was a bus operated by Defendant Jennings County School Corporation, but the Defendant is without sufficient information to admit or deny the remaining material allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint.**

15. At all relevant times herein, JSCS enacted and enforced a transportation policy that required all students on school buses to walk to their assigned seats once on the bus and to remain there during the entire bus ride. This policy provided that absolutely no standing, moving around, or changing seats while the bus was in motion would be tolerated.[1]

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.**

16. At the same time, JCSC maintained a widespread, ongoing, and pervasive custom or practice of assigning older students, including those with known behavioral problems like Student 2, to ride the same buses with younger students, including those with physical or mental/emotional disabilities like John Doe. This custom or practice exposed young children like John Doe to victimization by older children.

[1] "Bus Rules & Disciplinary Actions": https://perma.cc/7EMD-E9NW.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint.**

17. JCSC also maintained a widespread, ongoing, and pervasive custom or practice of failing to create, implement, and/or enforce the following: anti-bullying policies; anti-harassment policies; anti-sexual harassment and abuse policies; and special needs transportation policies that would have protected vulnerable special needs students like John Doe from victimization on its school buses.

**ANSWER**: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint.**

18. JCSC also maintained a widespread, ongoing, and pervasive custom or practice of failing to train staff who monitor students on the school bus in proper monitoring and supervising techniques designed to prevent physical and sexual assaults of students on the school bus.

**ANSWER**: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint.**

19. Upon information and belief, JCSC enforced this policy and these widespread, ongoing, and pervasive customs or practices despite knowledge of prior incidents of student-on-student abuse on the school bus, including the incidents of sexual abuse that occurred in 2022.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint.**

20. Under JCSC Administrative Guideline 8600, which concerns transportation, Transportation Director Tim Poer was and is responsible for bus driver supervision and training.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.**

21. Under JCSC Administrative Guideline 8600, Director Poer was responsible for reviewing bus surveillance recordings for the purposes of assuring that bus safety procedures are being followed properly and that the buses are being operated in accord with JCSC guidelines and state law.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint.**

22. Under JCSC Administrative Guideline 8600, Director Poer was also responsible for establishing a procedure whereby no one observes a bus recording without the prior authorization of the appropriate principal, in this instance Principal Cynthia Law

**ANSWER: Defendants JCSC, Law and Poer admit the allegations of Paragraph 22 of Plaintiffs' First Amended Complaint with respect to Poer's responsibility for establishing the procedure referenced, but Defendants deny the remaining material allegations contained in Paragraph 22 of the Plaintiffs' First Amended Complaint.**

23. Under JCSC Administrative Guideline 8600, Principal Law was and is responsible for supervising bus loading and unloading zones; communicating with parents and students concerning student behavior, safety, schedules, and the like; adjudicating all behavior problems; and communicating with the Transportation Director to correct any unsafe conditions or practices on JCSC buses.

**ANSWER**: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.**

**2022 School Bus Incidents**

24. In 2022, upon information and belief, a male student on a JCSC school bus sexually assaulted an elementary-aged male student assigned to ride the same bus.

**ANSWER**: **Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.**

25. Upon information and belief, the boy's mother reported the incidents to JCSC's Transportation Director, Tim Poer, and JCSC's former Human Resources Director, Shannon Lacoursiere.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint.**

26. Despite knowledge of the 2022 incident, Director Poer failed to implement additional training of bus personnel that would have prevented future student-on-student sexual assaults on JCSC school buses.

**ANSWER**: **Defendants JCSC, Law and Poer deny knowledge of a 2022 incident and further deny the remaining material allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint.**

**2025 School Bus Incidents**

**27. At all relevant times, John Doe was a seven-year-old autistic child who was enrolled as a second-grade student at Sand Creek Elementary School, an elementary school operated by JCSC.**

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.**

28. Prior to his enrollment at Sand Creek Elementary School, John Doe was diagnosed with autism spectrum disorder, a disability that substantially limits one or more major life activities,

including but not limited to learning, communicating, interacting with others, and self-regulation.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint.**

29. Due to his autism diagnosis, JCSC placed John Doe on an Individualized Education Program ("IEP") plan.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint.**

30. The Rehabilitation Act of 1973, commonly referred to as Section 504, is a federal nondiscrimination statute. The purpose of the Act is to prohibit discrimination and to ensure that disabled students have educational opportunities and benefits equal to nondisabled students.

**ANSWER: Paragraph 30 of Plaintiffs' First Amended Complaint fails to assert an allegation against Defendants JCSC, Law and/or Poer that requires an affirmative response from these Defendants.**

31. A student is eligible for a Section 504 Plan if the student has a physical or mental impairment that substantially limits a major life activity, such as learning, walking, seeing, hearing, speaking, breathing, working, or performing manual tasks.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint.**

32. Under Section 504, educational agencies are required to provide appropriate and safe transportation for students with disabilities.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.**

33. At all relevant times, John Doe was a student with a disability as defined by Section 504.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint**.

34. Accordingly, John Doe was qualified to participate in and benefit from the education programs, services, and activities offered by JCSC, including transportation services, with reasonable accommodations.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.**

35. According to John Doe's IEP, "[s]pecial transportation will be provided while [John Doe] attends school in person."

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.**

36. Due to his disability, Defendants transported John Doe to and from Sand Creek Elementary on a JCSC bus designated as "special transportation" under John Doe's IEP.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint.**

37. The special transport bus was driven by Defendant Alcorn and monitored by Defendant Perry and transported JCSC students, ages pre-school through middle school, from their homes to their respective schools.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.**

38. Defendants were fully aware of Plaintiff's autism, behavioral profile, and safety needs, including Plaintiff's difficulty in protecting himself, interpreting social cues, and responding to threats or aggression.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.**

39. Defendants also knew of the aggressive conduct of a fifteen-year-old student with an imposing physical stature and known behavioral problems, hereinafter referred to as "Student 2."

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint.**

40. Student 2 did not have any disability or special needs which required him to ride the special transportation bus. Rather, Defendants assigned Student 2 to the special transportation bus as a punishment after he vandalized a seat on another bus.

**ANSWER**: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint.**

41. Due to his autism diagnosis, John Doe had difficulty sitting still and had occasionally gotten up from his seat during transport to school.

**ANSWER: Defendants JCSC, Law and Poer admit that John Doe did not always sit still and had occasionally gotten up from his seat during transport to school, but Defendants are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint.**

42. Defendants had restraints available to keep John Doe in his seat during transport on the bus, but instead of using these restraints, Defendants intentionally required and assigned John Doe to sit in a bus seat with Student 2 so he could physically block and restrain John Doe from getting up from his seat during transport.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.**

43. Defendants required and assigned John Doe to sit in the window seat which in effect trapped John Doe in his seat when Student 2 repeatedly assaulted him as described herein.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint.**

44. The assigned bus seat for Student 2 and John Doe was in the back of the bus.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint.**

45. Defendants assigned Student 2 to a seat in the back of the bus because he had previously picked on another student who was assigned a seat in the front of the bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.**

46. John Doe and Student 2 were the only students on the bus required to share a seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admi to deny the material allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint.**

47. Between February 27, 2025, and April 16, 2025, Student 2 repeatedly physically and sexually assaulted John Doe on the JCSC special transport school bus.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.**

48. These assaults occurred while Defendant Alcorn was operating the JCSC special transport school bus and when Defendant Perry was monitoring the bus, except for the assaults that occurred on February 28, 2025, when a different bus monitor was filling in for Defendant Perry.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.**

49. These assaults were also captured on at least two of the video surveillance cameras placed within the bus to monitor the students.

**ANSWER: Defendants JCSC, Law and Poer admit that John Doe and Student 2 were visible in their seat from at least two of the video surveillance cameras on the bus but are without sufficient information to either admit or deny the remaining material allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.**

***February 27, 2025 (Occurrence 1)***

50. On February 27, 2025, during the afternoon bus trip on a JCSC special transport bus driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied and physically assaulted John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint.**

51. On February 27, 2015, from 3:02 PM until 3:04 PM, Student 2 physically assaulted John Doe by punching him in the stomach, grabbing him forcefully, and pushing John Doe around their shared seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint.**

52. This physical assault occurred while Defendant Alcorn was operating the bus and Defendant Perry was in front of the bus, walking down the aisle of the bus, and while she was seated in a bus seat two rows in front of Student 2 and John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint.**

53. At 3:13 PM, Student 2 again assaulted John Doe. Specifically, Student 2 punched John Doe in the face multiple times. He also punched John Doe in the chest, elbowed him in the stomach and side, and grabbed John Doe, physically controlling him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint.**

54. This second round of physical assault occurred while Defendant Alcorn was operating the bus and Defendant Perry was at the front of the bus, looking forward, and not monitoring the children on the bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint.**

***February 28, 2025 (Occurrence 2)***

55. On February 28, 2025, during the afternoon bus trip, Defendant Perry was not on the bus. Instead, an unknown JCSC employee was on the bus serving as the monitor.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint**.

56. During this afternoon bus trip, Student 2 bullied, physically assaulted, sexually assaulted, and anally raped John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint.**

57. From 2:51 PM to 2:53 PM, Student 2 pushed John Doe around in the seat and against the bus window, grabbing his nose and elbowing him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.**

58. During this time, John Doe put his hands over his face in an attempt to protect himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.**

59. While this assault was occurring, Defendant Alcorn was driving the bus, not monitoring the children, and the unknown bus aide was sitting in the front of the bus, looking forward, and also not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint.**

60. From 3:05 PM to 3:09 PM, Student 2 digitally raped John Doe at least three separate times.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint**.

61. During these sexual assaults, Defendant Alcorn was driving the bus, not monitoring the children, and the unknown bus aide was sitting in the front of the bus, looking forward, and again, not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint.**

***March 3, 2025 (Occurrence 3)***

62. During the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, and sexually assaulted John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.**

63. From 3:21 PM to 3:22 PM, Student 2 forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand/arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.**

64. During this assault, Defendant Perry was sitting in the front of the bus, looking forward, and failing to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.**

65. During this assault, Defendant Alcorn was driving the bus and at one point, stopped the bus to drop another student off the bus, all the while failing to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint.**

***March 10, 2025 (Occurrence 4)***

66. On March 10, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint**.

67. From 3:14 PM to 3:18 PM, Student 2 digitally penetrated John Doe's anus while John Doe put his hands over his face.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint.**

68. Student 2 then forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand/arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 68 of Plaintiffs' First Amended Complaint.**

69. Student 2 then pushed John Doe's head into his lap, pushing John Doe's mouth onto Student 2's penis. Student 2 continued to hold John Doe's neck down to ensure John Doe's mouth remained on his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint.**

70. John Doe attempted to sit up, but Student 2 pushed John Doe's head back down toward his penis. After a period of time, Student 2 released John Doe, and John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.**

71. During these nearly five minutes of abuse when Student 2 would have been visible to the driver and monitor and John Doe would not have been visible, Defendant Perry is seen on camera sitting in the front of the bus, looking forward, and failing to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.**

72. At one point during the abuse, while Student 2 was holding John Doe's head down

onto his penis, Defendant Perry stood up and walked back a few seats from the front of the bus, but she failed to walk to the back of the bus to view the only seat containing two children, one of whom—John Doe—was not visible to her because he was being held down.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 72 of Plaintiffs' First Amended Complaint.**

73. Additionally, when Student 2 was forcing John Doe to masturbate him and when Student 2 pushed John Doe's head into his crotch, Defendant Alcorn stopped the bus to drop off another student. Even when the bus was stopped, neither Defendant Alcorn nor Defendant Perry moved to the back of the bus to visualize John Doe and Student 2.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint.**

74. At 3:29 PM on March 10, 2025, Student 2 abused John Doe again by putting his fingers inside John Doe's mouth and then forcefully pushing a finger deep into John Doe's mouth and throat Student 2 then kissed John Doe on the lips.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint.**

75. This second incident occurred while Defendant Perry was seated at the front of the bus, looking forward and not monitoring the children. Additionally, it occurred while the bus was stopped at a bus stop, at which time Defendant Alcorn also failed to monitor the children on the bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint.**

***March 13, 2025 (Occurrence 5)***

76. On March 13, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint.**

77. From 3:17 PM to 3:21 PM, Student 2 physically assaulted John Doe by pushing and slapping John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint.**

78. Then, Student 2 put his mouth on John Doe's penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint.**

79. Shortly thereafter, Student 2 pushed John Doe's head into his own lap, forcing John Doe's mouth onto Student 2's penis. Student 2 continued to hold John Doe's neck down to ensure John Doe's mouth remained on his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint.**

80. After a period of time, Student 2 released John Doe, and John Doe wiped his mouth multiple times.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.**

81. Next, Student 2 forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint.**

82. Once Student 2 removed his hand from John Doe's hand, John Doe wiped his hands.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint.**

83. Student 2 then adjusted his pants, picked up his belongings from the seat next to them, and played on his phone until he got off the bus at 3:23 PM.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint.**

84. During the abuse, Defendant Perry stood at the front of the bus, looking forward. She never moved to the back of the bus or made any attempt to visualize the only seat containing two students, one of whom at various times would not have been visible to her as sexual assaults were taking place.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint**.

85. Additionally, during the abuse, Defendant Alcorn was operating the bus, not monitoring the children. At one point during the abuse, when Student 2 had John Doe masturbate him, the bus was stopped, at which time Defendant Alcorn again failed to monitor the students.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint**.

***March 17, 2025 (Occurrence 6)***

86. On March 17, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint.**

87. From 3:28 PM through 3:36 PM, Student 2 pushed John Doe's head into his lap, forcing John Doe's mouth onto Student 2 's penis. Student 2 released John Doe, and John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.**

88. The above assaults all occurred while Defendant Perry stood at the front of the bus not paying attention to the only two students seated together, with one—John Doe—not visible to her.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint.**

89. Then, Student 2 forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.**

90. During this assault, Defendant Perry was sitting in the front of the bus, looking forward and failing to monitor the students.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint.**

91. Once Student 2 removed his hand from John Doe's hand, Student 2 licked his fingers and then lifted John Doe up in his seat and digitally raped him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint.**

92. While this was happening, John Doe put his hood up on his sweatshirt and braced

himself against the back of the seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint.**

93. This rape occurred at a bus stop, at which time Defendant Alcorn was not driving the bus nor monitoring the children. At this juncture, Defendant Perry was standing at the front of the bus, also failing to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint.**

94. Student 2 stopped raping John Doe when Defendant Perry briefly walked to the back of the bus, but Defendant Perry quickly sat down in a seat two rows in front of Student 2 and John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.**

95. At that time, Student 2 licked his fingers again and digitally raped John Doe for a second time.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint.**

96. At 3:36 PM, Student 2 stood up over John Doe and put his penis into John Doe's rectum, anally raping him. Student 2 then pushed John Doe's head into his crotch, forcing John Doe's mouth onto his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 96 of Plaintiffs' First Amended Complaint.**

97. Student 2 then released John Doe and John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint.**

98. During this 3:36 PM assault, Defendant Perry was back at the front of the bus, looking forward as the bus stopped at a bus stop.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 98 of Plaintiffs' First Amended Complaint.**

99. Both Defendant Perry and Defendant Alcorn failed to supervise or monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint.**

***March 19, 2025 (Occurrence 7)***

100. On March 19, 2025, during the morning bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint.**

101. Multiple times from 7:30 AM to 7:36 AM, Student 2 punched John Doe in his head and on his legs and grabbed John Doe's head and pushed him around.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint.**

102. At one point, John Doe tried to stand up, and Student 2 pushed him back down into his seat and elbowed him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 102 of Plaintiffs' First Amended Complaint.**

103. During this physical abuse, Defendant Perry was at the front of the bus, sitting and occasionally standing, but always looking forward and not monitoring the children behind her.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint.**

104. Additionally, during this physical abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint.**

105. From 7:51 AM through 7:54 AM, Student 2 forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 105 of Plaintiffs' First Amended Complaint.**

106. During the assault, John Doe put his other hand over his face. Student 2 then readjusted himself and gave John Doe his hand back.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 106 of Plaintiffs' First Amended Complaint.**

107. Shortly thereafter, Student 2 again grabbed John Doe's hand and put it on his penis and forcefully moved John Doe's hand/arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint.**

108. During this sexual assault, Defendant Perry was sitting at the front of the bus in her seat. She never stood up or turned around in her seat to monitor the children. Defendant Alcorn was driving the bus, not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 108 of Plaintiffs' First Amended Complaint.**

109. At 8:00 AM, Student 2 digitally raped John Doe.

**ANSWER: Defendants JCSC, Law and Poer is without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint.**

110. During the rape, John Doe put his hands over his eyes.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint.**

111. This rape occurred while Defendant Alcorn was driving the bus, not monitoring the children, and while Defendant Perry was two rows in front of Student 2 and John Doe, standing but looking forward and not monitoring the children behind her, including the only two assigned to the same bench seat.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint.**

***April 1, 2025 (Occurrence 8)***

112. On April 1, 2025, during the morning bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint.**

113. From 7:24 AM through 7:35 AM, Student 2 first licked and spit on the fingers of his right hand and then masturbated Student 2 then wiped his right hand on the seat in front of him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint.**

114. Next, Student 2 forcefully pushed John Doe's hand onto Student 2's penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 114 of Plaintiffs' First Amended Complaint.**

115. John Doe attempted to get his hand away, but Student 2 regained control of John Doe's hand and pushed it back onto his penis and forcefully moved John Doe's hand and arm up and down to masturbate himself again.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 115 of Plaintiffs' First Amended Complaint.**

116. While this occurred, John Doe turned his body away from Student 2 to face the window.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 116 of Plaintiffs' First Amended Complaint.**

117. During this sexual abuse, Defendant Perry was at the front of the bus standing but always looking forward and not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 117 of Plaintiffs' First Amended Complaint.**

118. Additionally, during this part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 118 of Plaintiffs' First Amended Complaint.**

119. At 7:28 AM, Student 2 pushed John Doe's head into Student 2's lap, forcing John

Doe's mouth onto Student 2's penis. Student 2 released John Doe, and John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 119 of Plaintiffs' First Amended Complaint**.

120. Student 2 then licked or spit on the fingers on his left hand and again forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint.**

121. Student 2 released John Doe's hand, and Student 2 wiped his hand on the back of the seat in front of him as John Doe rubbed his hands together.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 121 of Plaintiffs' First Amended Complaint.**

122. Student 2 then forcefully grabbed John Doe and turned him to face the window. Student 2 licked his fingers and then lifted John Doe up in his seat and digitally raped John Doe by inserting his finger into John Doe's anus.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 122 of Plaintiffs' First Amended Complaint.**

123. During the digital rape, Student 2 had his left hand on John Doe's shoulder to control him. Student 2 then removed his fingers from John Doe's anus and wiped his hand on John

Doe's back.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 123 of Plaintiffs' First Amended Complaint.**

124. Student 2 then masturbated himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 124 of Plaintiffs' First Amended Complaint.**

125. Student 2 then attempted to put John Doe on his lap to anally rape him, but then continued to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 125 of Plaintiffs' First Amended Complaint.**

126. Student 2 then forcefully put John Doe on his lap and anally raped him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 126 of Plaintiffs' First Amended Complaint.**

127. Student 2 removed John Doe from his lap, licked his fingers, and digitally raped John Doe again.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 127 of Plaintiffs' First Amended Complaint.**

128. While this digital rape occurred, John Doe covered his face with his hand, and

Student 2 put his left arm around John Doe's neck, forcing him into his seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 128 of Plaintiffs' First Amended Complaint.**

129. At 7:33 AM, Student 2 licked his fingers, masturbated himself, then grabbed John Doe, and put him on his lap to anally rape him once more.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 129 of Plaintiffs' First Amended Complaint.**

130. During the anal rape, Student 2 kissed the back of John Doe's head. Student 2 then masturbated himself again, while John Doe was on his lap.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 130 of Plaintiffs' First Amended Complaint.**

131. Student 2 then ejaculated on the back of the seat and wiped it off.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 131 of Plaintiffs' First Amended Complaint.**

132. At 7:35 AM, Student 2 punched himself in the face.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 132 of Plaintiffs' First Amended Complaint.**

133. During the above-described sexual abuse, Defendant Perry was at the front of the

bus, sitting and occasionally standing. Defendant Perry looked at the back of the bus only once but failed to move up and down the bus aisle or reposition herself to view the only two students seated together. Defendant Perry was not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 133 of Plaintiffs' First Amended Complaint.**

134. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 134 of Plaintiffs' First Amended Complaint.**

***April 3, 2025 (Occurrence 9)***

135. On April 3, 2025, during the morning bus trip, from 7:34 AM through 7:44 AM, on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 135 of Plaintiffs' First Amended Complaint.**

136. Student 2 first masturbated himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 136 of Plaintiffs' First Amended Complaint.**

137. Student 2 then lifted John Doe up in his seat and digitally raped him at least two times.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 137 of Plaintiffs' First Amended Complaint.**

138. While he was being digitally raped, John Doe braced himself on the bus window.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 138 of Plaintiffs' First Amended Complaint.**

139. Next, Student 2 forcefully pulled John Doe closer to him, grabbed John Doe's hand, and placed it onto his penis, and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 139 of Plaintiffs' First Amended Complaint.**

140. Student 2 released John Doe and then pushed John Doe's head into his lap, forcing John Doe's mouth onto Student 2's penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 140 of Plaintiffs' First Amended Complaint.**

141. Student 2 released John Doe and continued to masturbate.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 141 of Plaintiffs' First Amended Complaint.**

142. Student 2 then pushed John Doe to lean forward and digitally penetrated his anus.

John Doe lifted upwards during the anal rape.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 142 of Plaintiffs' First Amended Complaint.**

143. Student 2 removed his finger and smelled his hand, then he digitally raped John Doe at least two more times.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint.**

144. During these rapes, from approximately 7:39 AM to 7:40 AM, John Doe attempted to stand up to attract the attention of the Perry and Alcorn. In response, Defendant Alcorn yelled at John Doe to sit down.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 144 of Plaintiffs' First Amended Complaint.**

145. Defendant Alcorn did not stop the bus or ask the bus monitor to further investigate why John Doe was attempting to stand up.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to either admit or deny the material allegations contained in Paragraph 145 of Plaintiffs' First Amended Complaint.**

146. At 7:40 AM, Student 2 touched John Doe's genitals and untied his pants. Student 2 again digitally raped John Doe while pulling John Doe down with his left hand.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 146 of Plaintiffs' First Amended Complaint.**

147. Student 2 removed his fingers from John Doe's rectum and then forced his fingers into John Doe's mouth, pushing John Doe's head backwards and forcing his fingers in and out of John Doe's mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 147 of Plaintiffs' First Amended Complaint.**

148. Student 2 then wiped off his fingers on the bus seat and then on John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 148 of Plaintiffs' First Amended Complaint.**

149. Student 2 licked his fingers again and then wiped them on the back of the bus seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 149 of Plaintiffs' First Amended Complaint.**

150. After the abuse stopped, John Doe spent the rest of the bus ride looking out the window.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 150 of Plaintiffs' First Amended Complaint.**

151. During this abuse, Defendant Perry was at the front of the bus, sitting and

occasionally standing. Defendant Perry also walked toward the middle of the bus to check on other students, but failed to walk to the back of the bus to the only seat with two children in it. Defendant Perry failed to even look to the back of the bus. Defendant Perry was not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 151 of Plaintiffs' First Amended Complaint.**

152. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 152 of Plaintiffs' First Amended Complaint.**

***April 4, 2025 (Occurrence 10)***

153. On April 4, 2025, during the morning bus trip, from 7:36 AM through 7:48 AM, on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 153 of Plaintiffs' First Amended Complaint.**

154. First, Student 2 grabbed John Doe's head and pushed it into his lap, then pulled John Doe back upright, and then pushed his head back into his lap. Student 2 released John Doe and started to play with his phone.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 154 of Plaintiffs' First Amended Complaint.**

155 This physical abuse occurred while Defendant Perry was seated near the front of

the bus. At one point, Defendant Perry stood up and moved to a seat at the very front of the bus. However, she never turned her head to visually monitor the children at the back of the bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 155 of Plaintiffs' First Amended Complaint.**

156. At approximately 7:39 AM, Student 2 adjusted his pants and grabbed John Doe's head again and forced his mouth onto Student 2's penis. Student 2 then pushed John Doe upright again and then forced John Doe's mouth back onto his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 156 of Plaintiffs' First Amended Complaint.**

157. When Student 2 released John Doe, allowing him to sit upright, John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 157 of Plaintiffs' First Amended Complaint.**

158. At one point during this sexual assault, Defendant Perry stood up and walked down the aisle a few seats before walking back to the front of the bus. However, Defendant Perry failed to walk to the back of the bus to view the only seat containing two children.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 158 of Plaintiffs' First Amended Complaint.**

159. Student 2 then masturbated himself by grabbing John Doe's hand and placing it onto his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 159 of Plaintiffs' First Amended Complaint.**

160. While Student 2 used John Doe's hand to masturbate himself, John Doe tried to no avail to resist the abuse by the older boy.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint.**

161 Student 2 then digitally penetrated John Doe, began masturbating himself again, and then pulled John Doe onto his lap and anally raped him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 161 of Plaintiffs' First Amended Complaint.**

162. After removing John Doe from his lap, Student 2 masturbated himself yet again.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 162 of Plaintiffs' First Amended Complaint.**

163. Student 2 then pushed John Doe's head into his lap again, forcing John Doe's mouth onto Student 2's penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 163 Plaintiffs' First Amended Complaint.**

164. Student 2 released John Doe but continued to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 164 of Plaintiffs' First Amended Complaint.**

165 Student 2 adjusted his shirt and pants and started playing on his phone, while John Doe pulled up the hood of his sweatshirt.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 165 of Plaintiffs' First Amended Complaint.**

166. Moments later, Student 2 grabbed John Doe's neck and shook him. John Doe stood up, and Student 2 pulled him back down.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 166 of Plaintiffs' First Amended Complaint.**

167. Student 2 adjusted himself and started playing on his phone again.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 167 of Plaintiffs' First Amended Complaint.**

168. During this abuse, Defendant Perry was at the front of the bus, sitting and occasionally standing, but always looking forward and not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 168 of Plaintiffs' First Amended Complaint.**

169. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 169 of Plaintiffs' First Amended Complaint.**

***April 7, 2025 (Occurrence 11)***

170. On April 7, 2025, during the afternoon bus trip, from 3:18 PM through 3:27 PM, on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 170 of Plaintiffs' First Amended Complaint.**

171 Student 2 forcefully grabbed John Doe's head and attempted to push it into his lap; however, John Doe attempted to fight back.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 171 of Plaintiffs' First Amended Complaint.**

172. For nearly two (2) minutes, Student 2 used force to turn John Doe's head, push John Doe's head down, and fight with John Doe to gain control over him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 172 of Plaintiffs' First Amended Complaint.**

173. At one point, John Doe's foot was in the air and on the bus window as John Doe tried to resist Student 2.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 173 of Plaintiffs' First Amended Complaint.**

174. Student 2 finally released John Doe and then, moments later, forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 174 of Plaintiffs' First Amended Complaint.**

175. John Doe pulled his hand away, and Student 2 grabbed it again, placing it back onto his penis, forcing John Doe to masturbate him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 175 of Plaintiffs' First Amended Complaint.**

176. John Doe pulled his hand away, but then Student 2 forcefully grabbed John Doe's head and pushed it down toward his lap. Student 2 continued to push John Doe's head down onto his crotch.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 176 of Plaintiffs' First Amended Complaint.**

177. Student 2 released John Doe, waited approximately 20 seconds, and then pushed John Doe's mouth back onto his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 177 of Plaintiffs' First Amended Complaint.**

178. Student 2 released John Doe again, but then immediately pushed John Doe's mouth back onto his penis, where he forcefully kept John Doe's mouth on his penis for nearly two minutes.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 178 of Plaintiffs' First Amended Complaint.**

179. During this sexual abuse, Defendant Perry was at the front of the bus, sitting and occasionally standing, but always looking forward and not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 179 of Plaintiffs' First Amended Complaint.**

180. At one point, while Student 2 was holding John Doe's head down onto his penis, Defendant Perry stood up and walked back a few seats from the front of the bus, but she failed to walk to the back of the bus to view the only seat containing two children, one of whom would not have been visible to her.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information either admit or deny the material allegations contained in Paragraph 180 of Plaintiffs' First Amended Complaint.**

181. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 181 of Plaintiffs' First Amended Complaint.**

***April 8, 2025 (Occurrence 12)***

182. On April 8, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 182 of Plaintiffs' First Amended Complaint.**

183. From 3:13 PM through 3:17 PM, Student 2 pushed John Doe's mouth onto his penis, where he forcefully kept John Doe's mouth on his penis, on and off, for nearly four (4) minutes.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 183 of Plaintiffs' First Amended Complaint.**

184. At 3:17 PM, John Doe attempted to sit up and remove his mouth from Student 2's penis, and Student 2 attempted to push John Doe back down, onto his penis, but was unsuccessful.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 184 of Plaintiffs' First Amended Complaint.**

185. Student 2 then forcefully pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint.**

186. During this sexual abuse, Defendant Perry was at the front of the bus, standing and

occasionally sitting, but always looking forward and not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 186 of Plaintiffs' First Amended Complaint**.

187. At one point, while Student 2 was holding John Doe's head down onto his penis, Defendant Perry walked toward the back of the bus, but she failed to walk to the back of the bus to view the only seat containing two children.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 187 of Plaintiffs' First Amended Complaint.**

188. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 188 of Plaintiffs' First Amended Complaint.**

***April 10, 2025 (Occurrence 13)***

189. On April 10, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint.**

190. For nearly two minutes, starting at 3:09 PM, Student 2 punched John Doe in his back and head. John Doe stood up, but Student 2 pulled him back down into his seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 190 of Plaintiffs' First Amended Complaint.**

191. Student 2 then punched John Doe in his back again. John Doe stood back up, and Student 2 again pulled him back down.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 191 of Plaintiffs' First Amended Complaint.**

192. During this physical abuse, Defendant Perry was at the front of the bus, standing, looking forward, and not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 192 of Plaintiffs' First Amended Complaint.**

193. At one point, Defendant Perry walked toward the back of the bus, but she failed to go all the way to the back of the bus to monitor John Doe and Student 2, the only two students seated together.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 193 of Plaintiffs' First Amended Complaint.**

194. From 3:23 PM to 3:32 PM, Student 2 assaulted John Doe again. First, Student 2 pulled John Doe over to him and forcefully kissed him, holding onto his neck.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 194 of Plaintiffs' First Amended Complaint.**

195. Student 2 then adjusted his pants and pushed John Doe's head into his lap, forcing John Doe's mouth onto Student 2's penis. Student 2 released John Doe and then kissed him again.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 195 of Plaintiffs' First Amended Complaint**.

196. Student 2 continued to kiss John Doe, forcing his tongue into his mouth, with his hand on the back of John Doe's head. Student 2 released John Doe, and John Doe wiped his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 196 of Plaintiffs' First Amended Complaint.**

197. Student 2 adjusted his pants and then again pushed John Doe's head into his lap, forcing John Doe's mouth onto Student 2's penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 197 of Plaintiffs' First Amended Complaint.**

198. Student 2 then released John Doe but quickly pushed John Doe's hand onto his penis and then forcefully moved John Doe's hand and arm up and down to masturbate himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 198 of Plaintiffs' First Amended Complaint.**

199. Student 2 then pulled John Doe onto his lap and anally raped him.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 199 of Plaintiffs' First Amended Complaint.**

200. During and after the rape, John Doe stood up to get the attention of Defendant Perry and Defendant Alcorn.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 200 of Plaintiffs' First Amended Complaint.**

201. John Doe succeeded in getting Defendant Perry's attention, but instead of investigating, she yelled at John Doe to sit down.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 201 of Plaintiffs' First Amended Complaint.**

202. Defendant Perry did not come to the back of the bus, and she completely failed to stop the rape that was occurring.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 202 of Plaintiffs' First Amended Complaint.**

203. Student 2 then put his arm around John Doe and kissed him multiple times for long periods of time, while also thrusting his tongue into John Doe's mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 203 of Plaintiffs' First Amended Complaint.**

204. Student 2 also put his fingers into John Doe's mouth while holding John Doe's neck.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 204 of Plaintiffs' First Amended Complaint.**

205. During these assaults, Defendant Perry was at the front of the bus, standing and occasionally sitting, not monitoring the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 205 of Plaintiffs' First Amended Complaint.**

206. Additionally, during part of the abuse, the bus was at a bus stop, at which time Defendant Alcorn also failed to monitor the children.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 206 of Plaintiffs' First Amended Complaint.**

***April 16, 2025 (Occurrence 14)***

207. On April 16, 2025, during the afternoon bus trip on a JCSC special transport bus, driven by Defendant Alcorn and monitored by Defendant Perry, Student 2 bullied, physically assaulted, sexually assaulted, and raped (orally and anally) John Doe.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 207 of Plaintiffs' First Amended Complaint.**

208. At 2:57 PM, Student 2 forced John Doe to drink from his water bottle by grabbing John Doe's head and pushing the water bottle into his mouth.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 208 of Plaintiffs' First Amended Complaint.**

209. This physical assault occurred while Defendant Perry was sitting in a seat two rows in front of Student 2 and John Doe, looking forward, not monitoring the students behind her.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 209 of Plaintiffs' First Amended Complaint.**

210. From 2:59 PM to 3:02 PM, Student 2 pushed John Doe's head into his lap, forcing John Doe's mouth onto Student 2's penis. Student 2 continued to apply force to John Doe's neck, ensuring John Doe's mouth remained on his penis.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 210 of Plaintiffs' First Amended Complaint.**

211. During this assault, Student 2 hit the back of John Doe's head at least three times.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 211 of Plaintiffs' First Amended Complaint.**

212. After nearly three minutes, Student 2 released John Doe, and John Doe wiped his mouth and turned to look out the window.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 212 of Plaintiffs' First Amended Complaint.**

213. During this rape, Defendant Perry was standing at the front of the bus, looking forward. At one point, she started to walk toward the middle of the bus, but she failed to walk all the way to the back of the bus to the only seat with two children.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 213 of Plaintiffs' First Amended Complaint.**

214. At 3:04 PM, Student 2 started to touch John Doe's anus.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 214 of Plaintiffs' First Amended Complaint.**

215. John Doe stood up, and Student 2 pulled him back down into their seat. Student 2 then masturbated himself.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 215 of Plaintiffs' First Amended Complaint.**

216. At 3:05 PM, Student 2 pulled John Doe onto his lap and anally raped John Doe while applying force to John Doe's shoulders.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 216 of Plaintiffs' First Amended Complaint.**

217. During this rape, John Doe braced himself on the back of the seat.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 217 of Plaintiffs' First Amended Complaint.**

218. At 3:06 PM, Defendant Perry saw John Doe on Student 2's lap and asked Student 2 what was going on.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in paragraph 218 of Plaintiffs' First Amended Complaint.**

219. Defendant Perry separated Student 2 from John Doe and asked for the videotapes to be pulled.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 219 of Plaintiffs' First Amended Complaint.**

220. Before 3:06 PM, Defendant Perry was standing near the front of the bus, not looking toward the back of the bus to monitor the students.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 220 of Plaintiffs' First Amended Complaint.**

221. As a result of the events of April 16, 2025, Student 2 was arrested, charged and eventually convicted on April 1,2026, of two (2) counts of felony rape, two (2) counts of attempted felony rape, one (1) count of felony child molesting; one (1) count of felony attempted child molesting, two (2) counts of felony sexual battery, two (2) counts of attempted felony sexual battery, one (1) count of felony criminal confinement, and one (1) count of misdemeanor public indecency.

**ANSWER: efendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations contained in Paragraph 221 of Plaintiffs' First Amended Complaint.**

222. On August 24, 2026, Student 2 was sentenced to fifty-four (54) years' incarceration at the Indiana Department of Correction, with three-and-a-half (3.5) years suspended to probation.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information to admit or deny the material allegations in Paragraph 222 of the Plaintiff's First Amended Complaint.**

223. During the time John Doe suffered abuse in 2025, upon information and belief Director Poer and Principal Law never viewed the surveillance footage from John Doe's bus rides that captured the repeated abuse visited upon him.

**ANSWER: Defendants JCSC, Law and Poer admit that Poer and Law did not review surveillance footage for dates between February 27, 2025 and April 16, 2025 and Defendants are without sufficient information to admit or deny the remaining material allegations contained in Paragraph 223 of Plaintiffs' First Amended Complaint.**

CLAIMS FOR RELIEF

**Count 1 – Plaintiff John Doe's Negligence Claims against Defendants JCSC, Law and Poer**

224. Plaintiffs hereby incorporate by reference paragraphs 1 through 223 of their First Amended Complaint for Damages and Jury Demand as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 223 Plaintiffs' First Amended Complaint.**

225. In accordance with Indiana statute, Defendants were timely served by certified mail with fourteen (14) individualized Notices of Tort Claim for each occurrence set forth above.

**ANSWER: Defendants JCSC, Law and Poer admits that JSCS received 14 individualized Notices of Tort Claim but are without sufficient information to admit or deny the remaining material allegations contained in Paragraph 225 of Plaintiffs' First Amended Complaint.**

226. Pursuant to Indiana statute, the Plaintiff's tort claims have been constructively

denied as Defendants JCSC, Law and Poer has had more than ninety (90) days to investigate the claims but failed to accept Plaintiff's claims in full.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 226 of Plaintiffs' First Amended Complaint.**

227. At all relevant times, Defendants Alcorn and Perry were employees of the JCSC acting in their course and scope of employment. As such, the JCSC is liable for any negligent acts of its employees under the doctrine of *respondeat superior*.

**ANSWER: Defendants JCSC, Law and Poer admit that Alcorn and Perry were employees of JCSC acting in their course and scope of employment, but the Defendants state that the remaining allegations contained in Paragraph 227 of Plaintiffs' First Amended Complaint fail to assert a factual allegation against the Defendants that require an affirmative response.**

228. Defendants JCSC, Law and Poer is also independently liable for John Doe's injuries and damages as a result of its negligent acts and omissions, including but not limited to the failure to train its bus drivers and monitors and failing to implement policies to keep special needs children safe while being transported on District buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 228 of Plaintiffs' First Amended Complaint.**

229. At all relevant times, while under the exclusive control and supervision of JCSC, John Doe suffered personal injuries due to the negligent actions and inactions by JCSC and its employees on the fourteen (14) separate and distinct bus rides.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 229 of Plaintiffs' First Amended Complaint.**

230. Despite the multiple incidents of physical assault, sexual assault, and rape that occurred between February 27, 2025, and April 16, 2025, Defendant failed to take appropriate action to protect John Doe.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 230 of Plaintiffs' First Amended Complaint.**

231. Defendant owed a duty to John Doe to exercise reasonable care in providing school transportation.

**ANSWER: Paragraph 231 of the Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation against the Defendants which require an affirmative response.**

232. Defendant also had a duty to protect John Doe from foreseeable harm while he was in their custody and care, including during transportation on the school bus.

**ANSWER: Paragraph 232 of the Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation against the Defendants which require an affirmative response.**

233. This duty was heightened given John Doe's status as a nonverbal autistic child requiring special education services.

**ANSWER: Paragraph 233 of the Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation against the Defendants which require an affirmative response.**

234. Defendant knew or should have known that Student 2 posed a danger to John Doe based on his known behavioral problems and the significant age difference between them.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 234 of Plaintiffs' First Amended Complaint.**

235. Defendant knew or should have known that John Doe, a seven (7) year old autistic child, was particularly vulnerable and required additional protection and supervision.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 235 of Plaintiffs' First Amended Complaint**.

236. Defendant knew or should have known that John Doe, because of his young age, autism, and communication and self-advocacy limitations, was unable to protect himself, escape the situation, or effectively seek help during the multiple physical and sexual assaults.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 236 of Plaintiffs' First Amended Complaint.**

237. Defendant also knew or should have known of prior incidents of behavioral and/or aggressive conduct by Student 2, who had a history of behavioral issues.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 237 of Plaintiffs' First Amended Complaint.**

238. Despite this knowledge, Defendant failed to implement adequate transportation procedures, supervision, and seating arrangements to ensure Plaintiff's safety on the bus.

ANSWER: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 238 of Plaintiffs' First Amended Complaint.**

239. Defendant failed to properly supervise and protect John Doe.

ANSWER: **Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 239 of Plaintiffs' First Amended Complaint.**

240. Defendant also failed to intervene promptly and effectively to stop the assaults,

failed to separate the students, and failed to provide immediate assistance and protection to John Doe.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint.**

241. Defendant and its employees were negligent, careless, grossly negligent, and displayed an indifferent regard for the safety of John Doe, including but not limited to:

a. Failing to transport John Doe in a safe manner;

b. Failing to implement and follow IEP requirements for safe accommodations for students with disabilities, such as John Doe;

c. Failing to have a properly trained bus driver and bus monitor with John Doe during bus transportation;

d. Failing to transport John Doe in a safe manner in light of his disabilities;

e. Failing to provide adequate supervision of the students on the special transportation bus;

f. Requiring John Doe, a 7-year-old nonverbal autistic child, to be seated in the same seat with Student 2, a 15-year-old student with known behavioral problems;

g. Requiring John Doe and Student 2 to be the only students required to share a seat on the bus;

h. Entrapping John Doe in his seat by requiring and assigning Student 2to sit on the outside of the seat;

i. Failing to intervene promptly to prevent the physical and sexual assaults;

j. Failing to investigate when John Doe attempted to stand up during assaults;

k. Failing to take appropriate action despite multiple incidents occurring over

several months;

l. Failing to properly supervise and monitor the students on the bus;

m. Failing to monitor the surveillance videos on the bus at reasonable intervals; and

n. Failing to maintain any written safety rules and policies and procedures to keep students safe on the bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 241, including subparts a – n, of Plaintiffs' First Amended Complaint**

242. Additionally, Defendants JCSC, Law and Poer, negligently hired, supervised, trained, and retained Defendants Alcorn and Perry.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 242 of Plaintiffs' First Amended Complaint.**

243. Defendants JCSC, Law and Poer, through the actions and inactions of Law, Poer, Alcorn and Perry, negligently inflicted emotional distress upon John Doe, causing him injuries and damages.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 243 of Plaintiffs' First Amended Complaint.**

244. As a direct and proximate result of Defendants JCSC, Law and Poer's breaches of its duty of care, John Doe was physically and sexually assaulted on fourteen (14) different bus trips and suffered and continues to suffer physical pain, emotional distress, anxiety, loss of educational benefit, regression in skills, and loss of enjoyment of life.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 244 of Plaintiffs' First Amended Complaint.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First

Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**Count II – Jane Doe's Negligence Claims against Defendants JCSC, Law and Poer**

245. Plaintiffs hereby incorporate by reference paragraphs 1 through 244 of their First Amended Complaint for Damages and Jury Demand as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 244 Plaintiffs' First Amended Complaint.**

246. In accordance with Indiana statute, Defendants JCSC, Law and Poer was timely served by certified mail with a fourteen (14) individualized Notices of Tort Claim for each occurrencedescribed above on behalf of Plaintiff, Jane Doe.

**ANSWER: Defendants JCSC, Law and Poer admit that JSCS received 14 individualized Notices of Tort Claim but are without sufficient information to admit or deny the remaining material allegations contained in Paragraph 246 of Plaintiffs' First Amended Complaint.**

247. Pursuant to Indiana statute, the Plaintiff's tort claims have been constructively denied as Defendant has had more than ninety (90) days to investigate the claims but failed to accept Jane Doe's claims in full.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 247 of Plaintiffs' First Amended Complaint.**

248. As a result of these occurrences described herein, John Doe, Jane Doe's minor son, sustained significant physical and mental injuries resulting from being sexually and physically assaulted on fourteen (14) separate occasions while in the custody and care of the Defendants JCSC, Law and Poer.

**ANSWER: Defendants JCSC, Law and Poer are without sufficient information and knowledge to either admit or deny the material allegations contained in Paragraph 248 of Plaintiffs' First Amended Complaint.**

249. Accordingly, Defendants JCSC, Law and Poer is liable to Jane Doe under Indiana law for the emotional distress she suffered as a result of the Defendant's conduct, as described herein, for the negligent infliction of emotional distress visited upon her, pursuant to the Indiana Supreme Court decision in *K.G. v. Smith,* 178 N. E. 3d 300 (Ind. 2021).

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 249 of Plaintiffs' First Amended Complaint.**

250. As a direct and proximate result of the Defendants JCSC, Law and Poer's wrongful acts and omissions, Jane Doe suffered extreme emotional distress upon learning that her son, John Doe, had been sexually and physically assaulted on the bus, in the presence of a bus driver, bus monitor, and at least two (2) cameras, on at least fourteen (14) separate bus trips.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 250 of Plaintiffs' First Amended Complaint.**

251. As a direct and proximate result of the wrongful acts and omissions of Defendants JCSC, Law and Poer and its employees as described herein, Plaintiff, Jane Doe, has received counseling and continues to suffer from shock, extreme emotional distress, and humiliation.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 251 of Plaintiffs' First Amended Complaint.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First

Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**Count III – John Doe's Section 1983 Claims against Defendants Alcorn, Perry, Poer, Law and JCSC**

252. Plaintiffs hereby incorporate by reference paragraphs 1 through 251 of their First Amended Complaint for Damages and Jury Demand as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 251 Plaintiffs' First Amended Complaint.**

Individual Capacity Claims against Alcorn and Perry

253. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."

**ANSWER: Paragraph 253 of the Plaintiffs' First Amended Complaint fails to assert a factual allegation against the Defendants which requires these Defendants to respond.**

254. John Doe's due process rights were violated by the actions and inactions of Alcorn and Perry, and the deprivation of John Doe's rights resulted in him being physically and sexually abused by Student 2 on at least fourteen (14) separate occasions.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 254 of Plaintiffs' First Amended Complaint.**

255. By their affirmative acts, Defendants created or increased a danger to John Doe.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 255 of Plaintiffs' First Amended Complaint.**

256. Specifically, Alcorn and Perry, knowing that John Doe was an autistic 7-year-old, engaged in the following affirmative acts which placed John Doe in danger:

a. Mandated that John Doe sit with Student 2, a fifteen-year-old student with an

imposing physical stature and known behavioral problems, together in a seat on the bus;

b. Mandated that Student 2 sit on the outside of the bus seat which trapped John Doe in his seat;

c. Mandated that John Doe continue to sit with Student 2 as he repeatedly physically and sexually assaulted him; and

d. Violated John Doe's IEP.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 257, including subparts a -d, of Plaintiffs' First Amended Complaint.**

257. After placing John Doe in danger, Defendants Alcorn and Perry, failed to protect him.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 257 of Plaintiffs' First Amended Complaint.**

258. Specifically, Defendants Alcorn and Peery:

a. Failed to properly supervise Student 2 and John Doe while they were seated in a bus seat together;

b. Failed to take appropriate safety measures while Student 2and John Doe were seated together, including walking the bus aisle, facing backwards on the bus to monitor the students, and investigating instances when either Student 2 or John Doe were not sitting up and visible to the bus driver and monitor;

c. Failed to periodically monitor the bus video to discover the abuse; and

d. Failed to inspect the bus to make sure students were safe.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 258, including subparts a-d, of Plaintiffs' First Amended Complaint.**

259. As a direct and proximate result of Defendants Alcorn's and Perry's failure to protect John Doe, he was physically and sexually abused multiple times on at least fourteen (14) bus trips between February 28, 2025, and April 16, 2025.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 259 of Plaintiffs' First Amended Complaint.**

260. As a direct and proximate result of Defendants Alcorn's and Perry's failure to protect John Doe, he sustained severe physical and emotional damages.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 260 of Plaintiffs' First Amended Complaint.**

261. Defendants Alcorn and Perry were deliberately indifferent to the known risk of an assault occurring.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 261 of Plaintiffs' First Amended Complaint.**

262. Through their actions, Defendants Alcorn and Perry turned a potential danger (the risk of physical and sexual abuse) into reality.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 262 of Plaintiffs' First Amended Complaint.**

263. In light of Defendants Alcorn's and Perry's knowledge (i) that John Doe was particularly vulnerable and required additional protection and supervision because of his young age, his autism, and his communication and self-advocacy limitations, (ii) of John Doe's inability to effectively seek help during the multiple physical and sexual assaults, (iii) of Student

2's behavioral issues and aggressiveness, the risk of John Doe being physically or sexually assaulted was entirely foreseeable to Defendants.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 263 of Plaintiffs' First Amended Complaint.**

264. The actions of Defendants Alcorn and Perry as described herein—forcing a seven (7) year old autistic student to sit with an older student with known behavioral problems and then failing to supervise the students—resulted in John Doe being brutally physically and sexually assaulted on at least fourteen (14) separate occasions. These actions shock the conscience.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 264 of Plaintiffs' First Amended Complaint.**

265. By forcing John Doe to sit next to Student 2, Defendants Alcorn and Perry knowingly disregarded an excessive risk to his health and safety and knowingly subjected him to pain, physical injury, humiliation, and mental distress, all of which violated John Doe's rights to bodily integrity under the Fourteenth Amendment to the United States Constitution.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 265 of Plaintiffs' First Amended Complaint.**

<u>Supervisory Liability Claims against Poer and Law</u>

266. Transportation Director Poer was responsible for supervising and training bus drivers and bus monitors for JCSC.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 266 of Plaintiffs' First Amended Complaint**.

267. In 2022, Director Poer learned of reports that an older student had sexually assaulted a younger student on a JCSC school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 267 of Plaintiffs' First Amended Complaint**.

268. Director Poer thus knew to a moral certainty that school bus drivers and monitors would confront situations of student-on-student abuse on JCSC school buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 268 of Plaintiffs' First Amended Complaint.**

269. Director Poer knew that proper training of bus drivers and bus monitors would help deter future incidents of student-on-student sexual assaults on JCSC buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 269 of Plaintiffs' First Amended Complaint.**

270. Upon information and belief, despite his moral certainty, Director Poer failed to train transportation personnel in (i) preventing student-on-student sexual assault on school buses;(ii) monitoring vulnerable students who are placed in dangerous situations created by bus personnel; and (iii) recognizing the signs of sexual abuse and assault.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 270 of the Plaintiffs' First Amended Complaint.**

271. Director Poer also knew that he and Principal Law alone had access to the bus surveillance footage under Administrative Guideline 8600, and that Director Poer was responsible for reviewing the recordings for the purpose of ensuring student safety and that bus personnel were following JCSC's guidelines, policies and procedures while transporting students.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 271 of the Plaintiffs' First Amended Complaint.**

272. Upon information and belief, prior to April 16, 2025, Director Poer and Principal Law never reviewed the video surveillance footage of John Doe's bus trips between February 27, 2025 and April 16, 2025, which footage clearly revealed the physical and sexual assaults visited upon John Doe.

**ANSWER: Defendants JCSC, Law and Poer admit that neither Poer or Law reviewed the video surveillance between February 27, 2025 and April 16, 2025; the Defendants further deny that Law would have had access to the video surveillance as she was not the Principal of Sand Creek Elementary between February 27, 2025 and April 16, 2025; and the Defendant deny the remaining material allegations contained in Paragraph 272 of the Plaintiffs' First Amended Complaint.**

273. Had they done so, Director Poer and Principal Law would have observed Student 2 abusing John Doe and could have intervened to protect John Doe from continued attacks.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 273 of the Plaintiffs' First Amended Complaint.**

274. Because she was responsible for communicating with parents and students regarding student behavior, safety, schedules, and the like under Administrative Guideline 8600, Principal Law knew that older students were assigned to ride John Doe's school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 274 of the Plaintiffs' First Amended Complaint.**

275. Principal Law thus knew that bus personnel would face situations of student-on-

student physical and sexual abuse on school buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 275 of the Plaintiffs' First Amended Complaint.**

276. Under Administrative Guideline 8600, Principal Law was responsible for communicating with Director Poer regarding unsafe conditions and practices on JCSC school buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 276 of the Plaintiffs' First Amended Complaint.**

277. Despite this, upon information and belief, Principal Law never communicated with Director Poer regarding the danger posed by assigning older students with behavioral problems, like Student 2, to special needs buses transporting younger, vulnerable children.

**ANSWER: Defendants JCSC, Law and Poer deny Law's responsibility to communicate with Poer and further deny the remaining allegations of in Paragraph 277 of the Plaintiffs' First Amended Complaint.**

278. Had she done so, Transportation Director Poer could have fulfilled her supervisory duties under Administrative Guideline 8600 and prevented the repeated attacks on John Doe on the school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 278 of the Plaintiffs' First Amended Complaint.**

279. Principal Law's and Director Poer's failures created a dangerous situation for John Doe on the school bus and caused John Doe to suffer physical and sexual abuse on the school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 279 of the Plaintiffs' First Amended Complaint.**

280. Principal Law's and Director Poer's failures constitute deliberate indifference to John Doe's right to bodily integrity.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 280 of the Plaintiffs' First Amended Complaint.**

*Monell* Claim against Jennings County School Corporation

281. Defendants JCSC, Law and Poer, through its Board of Trustees, at all times relevant operated the schools within the JCSC, including Sand Creek Elementary, and operated and controlled the school buses that transported students to and from its schools.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 281 of the Plaintiffs' First Amended Complaint.**

282. Defendants JCSC, Law and Poer, through its Board of Trustees, was at all relevant times responsible for the creation and enforcement of policies, practices, and customs to ensure the safety of the students, including John Doe, who attended school in JCSC and rode its school buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 282 of the Plaintiffs' First Amended Complaint.**

283. Defendants JCSC, Law and Poer enforced an express policy requiring students to remain in their assigned seats during the entirety of bus trips, with no exceptions.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 283 of the Plaintiffs' First Amended Complaint.**

284. At the same time, Defendants JCSC, Law and Poer maintained a widespread, ongoing, and pervasive custom or practice of:

a. assigning older students, including those with known behavioral problems like Student 2, to ride the same buses with younger students, including those with physical or mental/emotional disabilities like John Doe;

b. assigning students without disabilities or special needs, such as Student 2, to special transportation buses as a means of discipline;

c. failing to create, implement, and enforce anti-bullying, anti-harassment, and anti-sexual harassment and abuse policies and special needs transportation policies that would have protected vulnerable special needs students from victimization on its school buses; and

d. failing to train staff who monitor students on the school bus to prevent physical and sexual assaults of students on the school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 284 of the Plaintiffs' First Amended Complaint.**

285. Defendants JCSC, Law and Poer enforced and maintained the express policy and the widespread, ongoing, and pervasive customs or practices despite knowledge of prior incident of older students abusing younger students on JCSC school buses.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 285 of the Plaintiffs' First Amended Complaint.**

286. Defendants JCSC, Law and Poer's policies, practices, and customs affirmatively created a dangerous environment and increased the risk of harm for John Doe on the school bus.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 286 of the Plaintiffs' First Amended Complaint.**

287. Defendants JCSC, Law and Poer failed to protect John Doe from physical and sexual abuse on the school bus by enforcing these policies, practices, and customs.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 287 of the Plaintiffs' First Amended Complaint.**

288. Defendants JCSC, Law and Poer acted with deliberate indifference to John Doe's right to bodily integrity by enforcing these policies, practices, and customs.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 288 of the Plaintiffs' First Amended Complaint.**

289. Defendants JCSC, Law and Poer's policies, practices, and customs shock the conscience.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 289 of the Plaintiffs' First Amended Complaint.**

290. Defendants have, under color of law, deprived John Doe of the rights, privileges, and immunities secured by the United States Constitution, including the right to due process under the Fourteenth Amendment.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 290 of the Plaintiffs' First Amended Complaint.**

291. As a direct and proximate result of the wrongful conduct of the Defendants, John Doe's constitutional rights were violated, and John Doe was physically and sexually assaulted on fourteen (14) different bus trips and suffered and continues to suffer physical pain, emotional

distress, humiliation, anxiety, loss of educational benefit, regression in skills, and loss of enjoyment of life.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 291 of Plaintiffs' First Amended Complaint.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**Count IV – Claims against Defendants JCSC, Law and Poer Pursuant to Section 504 of the Rehabilitation Act of 1973**

292. Plaintiffs hereby incorporate by reference paragraphs 1 through 291 of their First Amended Complaint for Damages and Jury Demand as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 291 of Plaintiffs' First Amended Complaint.**

293. Upon information and belief, JCSC receives federal funding.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 293 of Plaintiffs' First Amended Complaint.**

294. Under Section 504 of the Rehabilitation Act, Defendant JCSS had a duty to make reasonable accommodations for John Doe's known limitations due to autism.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 294 of Plaintiffs' First Amended Complaint**.

295. JCSC, while acting under color of state law, knowingly violated John Doe's rights arising under § 504 of the Rehabilitation Act of 1973, in an outrageous and willful manner, by, *inter alia*, (i) failing to conduct an appropriate evaluation of Plaintiff's transportation needs; (ii)

failing to properly plan for, coordinate, communicate, disseminate, and provide Plaintiff with all entitlements provided by the Rehabilitation Act, including but not limited to safe, proper, and appropriate transportation to and from school; and (iii) failing to properly and safely accommodate Plaintiff's handicap and disabilities.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 295 of Plaintiffs' First Amended Complaint.**

296. The actions of Defendants JCSC, Law and Poer and its employees as described herein violated Section 504 and constituted deliberate indifference to disability-related bullying, harassment, and physical and sexual abuse, all of which violated John Doe's federally protected rights.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 296 of Plaintiffs' First Amended Complaint.**

297. As a direct and proximate result of the wrongful conduct of the Defendants, which violated Section 504, John Doe was physically and sexually assaulted on fourteen (14) different bus trips and suffered and continues to suffer physical pain, emotional distress, humiliation, anxiety, loss of educational benefit, regression in skills, and loss of enjoyment of life. Plaintiffs, therefore, seek all damages allowed under federal law.

**ANSWER: Defendants JCSC, Law and Poer denies the material allegations contained in Paragraph 297 of Plaintiffs' First Amended Complaint.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**COUNT V – John Doe's Claims for Negligence Per Se against Defendants JCSC, Law and Poer**

298. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 297 as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 297 Plaintiffs' First Amended Complaint.**

299. Defendants JCSC, Law and Poer's actions and inactions, and the actions and inactions of its employees as set forth herein, violated The Rehabilitation Act of 1973 (29 U.S.C. § 794).

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 299 of Plaintiffs' First Amended Complaint.**

300. The Rehabilitation Act of 1973 was enacted to protect a class of persons which includes John Doe, a child with a disability.

**ANSWER: Paragraph 300 of the Plaintiffs' First Amended Complaint fails to assert factual allegations against these Defendants which require an affirmative response from the Defendants.**

301. The Rehabilitation Act of 1973 was enacted, in part, to prevent disability-related bullying, harassment and abuse in an educational setting, the types of harms suffered by John Doe.

**ANSWER: Paragraph 301 of the Plaintiffs' First Amended Complaint fails to assert factual allegation against these Defendants which require an affirmative response from the Defendants.**

302. Defendants JCSC, Law and Poer's violation of this law was unjustified and thus constitutes negligence per se.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 302 of Plaintiffs' First Amended Complaint.**

303. As a direct and proximate result of the carelessness, negligence, and negligence per se of JCSC, John Doe was physically and sexually assaulted on fourteen (14) different bus trips and suffered and continues to suffer physical pain, emotional distress, humiliation, anxiety, loss of educational benefit, regression in skills, and loss of enjoyment of life.

**ANSWER: Defendants JCSC, Law and Poer deny the material allegations contained in Paragraph 303 of Plaintiffs' First Amended Complaint.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**Count VI – Declaratory Judgment Action against All Defendants**

304. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 303 as if fully set forth herein.

**ANSWER: Defendants JCSC, Law and Poer incorporate by reference their responses to paragraphs 1 through 303 Plaintiffs' First Amended Complaint.**

305. LM Insurance Corporation issued a Commercial General Liability Insurance Policy Number TB5-Z51-293672-024 ("the CGL Policy") for the period August 1, 2024 through August 1, 2025 to Jennings County School Corporation ("JCSC"). A true and accurate copy of the CGL Policy is attached hereto as Exhibit 1.

ANSWER: **Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 305 of Plaintiffs' First Amended Complaint.**

306. The CGL Policy provides:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> ***
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> i. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> ii. The "bodily injury" or "property damage" occurs during the policy period;

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 306 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

307. The CGL Policy also contains a Sexual Misconduct Liability Coverage Endorsement ("the Sexual Misconduct Endorsement") which provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "sexual misconduct" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any "sexual misconduct" and settle any claim or "suit" that may result.

**ANSWER**: **Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 307 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

308. The CGL Policy has per occurrence limits of $1,000,000 and aggregate limits of

$2,000,000.

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 308 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

309. The CGL Policy has a limit of $1,000,000 for each sexual misconduct and a sexual misconduct aggregate limit of $1,000,000.

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 306 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

310. The CGL Policy contains a Public Entity Immunity and Tort Cap Preservation Endorsement which provides:

> For any "Public Entity Liability" for which an insured is not fully immune pursuant to "Immunity or Tort Cap Law", but instead is subject to limits or caps pursuant to any applicable "Immunity or Tort Cap Law", this policy will pay no more than the applicable federal or state law limit or cap, subject to the applicable Limits of Insurance shown on the Declarations page or applicable schedule of this policy.

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 310 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

311. Liberty Insurance Corporation issued an Umbrella Policy Number TH7-Z51-293672-074 ("the Umbrella Policy") to JCSC for the period August 1, 2024 to August 1, 2025. A true and accurate copy of the Umbrella Policy is attached hereto as Exhibit 2.

**ANSWER: Defendants JCSC, Law and Poer admit the material allegations contained in Paragraph 311 of Plaintiffs' First Amended Complaint.**

312. The Umbrella Policy contains the following:

> **Sexual Misconduct Liability Coverage Limitation**
>
> ***
>
> B. When coverage is provided by underlying insurance and only for the purposes of coverage provided, if any, by this endorsement:
>
> 1. The following amendments are made to SECTION I – COVERAGES:
>
> a. The following is added to Paragraph 1:
> We will pay on behalf of the insured those sums in excess of the retained limit that the insured becomes legally obligated to pay as damages because of **sexual misconduct** to which this insurance applies, but only if the **sexual misconduct** was not expected or intended from the standpoint of the insured, or committed with the knowledge, consent, direction or participation of the insured.
>
> C. For purposes of this endorsement, the following amendments are made to SECTION VII – DEFINITIONS:
>
> **1.** The following is added to Definition 16. Occurrence: **Sexual misconduct**, a single act of misconduct or multiple, continuous, sporadic or related acts of misconduct committed by one person or two or more persons acting together toward another person or persons will be considered one **occurrence**, regardless of the number of persons making claims or bringing **suits.**
>
> 2. The following definition is added:
> **Sexual misconduct** means any actual, alleged or threatened act of misconduct that is of a sexual nature and is committed by one person or two or more persons acting together toward another person or persons.
> **Sexual misconduct** includes but is not limited to:
> a. Molestation, abuse;
> b. Assault, physical touching, contact;

c. Harassment, advances;
d. Victimization, exploitation, requests for favors;
e. Coercion to engage in sexual activities;
f. Exhibitionism, voyeurism;
g. Verbal or non-verbal communication; or
h. Showing, sharing or creating of text, pictures, drawings, audio, video or digital recording.

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 312 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

313. The Umbrella Policy has per occurrence limits of $5,000,000 and aggregate limits of $5,000,000.

**ANSWER**: **Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 313 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response.**

314. The Umbrella Policy contains a Public Entity Immunity and Tort Cap Preservation Endorsement which provides:

**Public Entity Immunity and Tort Cap Preservation**

The following is added to SECTION III – LIMITS OF INSURANCE:
For any Public Entity Liability for which an insured is not fully immune pursuant to Immunity or Tort Cap Law but instead is subject to limits or caps pursuant to any applicable Immunity or Tort Cap Law, this policy will pay no more than the applicable federal or state law limit or cap, subject to the applicable Limits of Insurance shown on the Declarations page or applicable schedule of this policy.

**ANSWER: Defendants JCSC, Law and Poer state that the insurance policy in question speaks for itself and is the best evidence of its contents and as such, Paragraph 306 of Plaintiffs' First Amended Complaint fails to assert a factual allegation against these Defendants which requires an affirmative response**

315. The Indiana Tort Claims Act ("ITCA") provides:

> The combined aggregate liability of all governmental entities and of all public employees, acting within the scope of their employment and not excluded from liability under section 3 [IC 34-13-3-3] of this chapter does not exceed:
>
> (1) for injury to or death of one (1) person in any one (1) occurrence:
>
> ***
>
> (C) seven hundred thousand dollars ($700,000) for a cause of action that accrues on or after January 1, 2008; and
>
> (2) for injury to or death of all persons in that occurrence, five million dollars ($5,000,000).

**ANSWER: Paragraph 315 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

316. The ITCA contains no definition of "occurrence"; however, under the common definition and meaning of occurrence, each bus ride that involved abuse by Student 2 against John Doe was a separate occurrence as that term is commonly understood and used in the ITCA.

**ANSWER: Paragraph 316 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

317. There is coverage of $1,000,000 under the CGL Policy for JCSC's liability for injuries to John Doe and Jane Doe arising from Student 2's assaults against John Doe that were of

a sexual nature.

**ANSWER: Paragraph 317 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

318. There is also coverage of $1,000,000 under the CGL Policy for JCSC's liability for injuries to John Doe and Jane Doe arising from assaults by Student 2 against John Doe that were not of a sexual nature.

**ANSWER: Paragraph 318 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

319. There is coverage of $5,000,000 under the Umbrella Policy for JCSC's liability for injuries arising from Student 2's abuse of John Doe.

**ANSWER: Paragraph 319 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

320. There is coverage for a total of $7,000,000 under the CGL and Umbrella Polices for the liability of JCSC and its employees acting in the course and scope of their employment for injuries arising from Student 2's assaults on John Doe.

**ANSWER: Paragraph 320 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

321. An actual controversy has arisen concerning the limits of coverage available for JCSC's liability to Plaintiffs under the CGL Policy and under the Umbrella Policy.

**ANSWER: Paragraph 321 of Plaintiffs' First Amended Complaint requires a legal conclusion and fails to assert a factual allegation as against these Defendants which requires an affirmative response.**

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

**AFFIRMATIVE DEFENSES**

COMES NOW the Defendants, JCSC, Cynthia Law and Tim Poer, by counsel, and for their Affirmative Defense to the Plaintiffs' First Amended Complaint states as follows:

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. Defendants specifically deny any and all alleged violations of Plaintiffs' constitutional rights.

3. Defendants are entitled to qualified immunity.

4. At all times relevant, Defendants, and/or their employees and agents, met the applicable standard of care with respect to treatment of Plaintiff.

5. With respect to any potential state law claims, Plaintiff's damages, if any, are limited by the Indiana Tort Claims Act, Ind. Code § 34-13-3-4.

6. Any state-law tort claims against Defendants Law or Poer, individually, are barred by Indiana Code § 34-13-3-5.

7. Plaintiff did not sustain any constitutional deprivation based upon any custom or practice of the Defendants.

8. Defendants acted in good faith and had reasonable grounds for believing that any acts taken did not violate applicable federal or state laws.

9. Defendants acted in accordance with their authority pursuant to state and federal law.

10. Plaintiff suffered no compensable harm as a result Defendants' alleged conduct.

11. Defendants' action or inaction did not proximately cause Plaintiff's damages and injuries.

12. Defendants are immune from liability pursuant to Ind. Code § 34-13-3-1, et seq.

13. Defendants are entitled to the immunities and protections afforded governmental entities and public employees under the Indiana Tort Claims Act, Indiana Code § 34-13-3-1 et seq., including, to the extent applicable, the immunities provided by Indiana Code § 34-13-3-3(a)(7), (a)(8), and (a)(10), relating to discretionary functions, the adoption or enforcement or failure to adopt or enforce qualifying governmental policies, and acts or omissions of persons other than the governmental entity or its employees. The Defendants, individually and/or collectively, are entitled to immunity with regard to any theoretical "punitive damages" claim.

14. The Defendants lacked the requisite culpability, scienter or *mens rea* (which Plaintiffs must prove by "clear and convincing" evidence to prevail on a theoretical "punitive damages" claim.

15. Plaintiffs cannot satisfy the "clear and convincing" standard necessary to prove a "punitive damages" claim.

16. The Defendants rely upon any and all available "caps" and/or "limitations" with respect to Plaintiffs' claims for purported "punitive damages".

17. Plaintiffs' alleged injuries and damages were caused, in whole or in part, by independent, intervening, or superseding acts of third persons for which Answering Defendants are not legally responsible.

18. To the extent Plaintiffs failed to comply with any applicable notice, timing, content, or procedural requirement of the Indiana Tort Claims Act, their state-law claims are barred or limited accordingly. Answering Defendants do not admit the sufficiency, timeliness, or legal effect of the Notices of Tort Claim alleged in the First Amended Complaint.

19. Defendants assert the defenses of contributory negligence and incurred risk as to any Plaintiff whose own legally cognizable conduct may support such a defense. This defense does not constitute an allegation that John Doe consented to or was responsible for the alleged assaults.

20. To the extent established by the evidence, Plaintiffs' recovery for otherwise compensable damages is subject to reduction for any failure to take reasonable measures to mitigate such damages, consistent with applicable law.

21. Answering Defendants are entitled to any applicable settlement credit, payment credit, setoff, satisfaction, or other adjustment authorized by law to prevent duplicative recovery for the same injuries and damages, including any adjustment required on account of amounts paid by other persons or entities.

22. Defendants Law and Poer deny that they personally participated in any constitutional deprivation, engaged in conduct sufficient to establish liability under 42 U.S.C. § 1983, or may be held liable merely by virtue of their supervisory or administrative positions.

23. Defendant JCSC denies that it discriminated against John Doe by reason of his disability, denied him benefits or meaningful access to its programs or services in violation of Section 504 of the Rehabilitation Act, failed to provide accommodations required by applicable law, or acted with legally actionable deliberate indifference. JCSC further denies that Plaintiffs can establish the requisite elements of causation or entitlement to compensatory damages under Section 504.

24. Plaintiffs are not entitled to recover emotional-distress damages under Section 504 of the Rehabilitation Act.

25. Defendant JCSC denies that the statutes identified in Plaintiffs' negligence per se claim establish an independently enforceable standard of care supporting the state-law relief requested, or that Plaintiffs have established the elements necessary to recover under a negligence per se theory.

26. Plaintiffs are not entitled to punitive damages, emotional-distress damages, duplicative compensatory damages, attorney fees, litigation expenses, or other relief to the extent that such recovery is unavailable or restricted under the Constitution, applicable federal statutes, Indiana law, or other controlling authority.

27. To the extent Plaintiffs suffered any damages, which Defendants JCSC, Law and Poer expressly deny, to the extent Plaintiffs have failed to take the steps necessary to mitigate the damages sustained, they are not entitled to recover for such damages caused by their failure to mitigate.

28. Plaintiffs’ claims as to the reasonableness and necessity of medical treatment and costs are limited by *Stanley v Walker,* 906 N.E.2d 852 (Ind. 2009).

29. Plaintiffs may have failed to exhaust their administrative remedies.

30. Defendant Cynthia Law was not the Principal of Sand Creek Elementary School for time period in question.

WHEREFORE, Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, by counsel, respectfully request that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint, for judgment in favor of Defendants, Jennings County School Corporation, Cynthia Law and Tim Poer, for costs of this action, and for all other just and proper relief.

Respectfully submitted,

FISHER MAAS HOWARD LLOYD
WHEELER & COLE, PC.

*/s/ Kimberly E. Howard*
Kimberly E. Howard, #16075-49
*Counsel for Defendants Jennings County School Corporation, Cynthia Law and Tim Poer*

Kimberly E. Howard
Stephen C. Wheeler
Aimee Rivera Cole
FISHER MAAS HOWARD, LLOYD
WHEELER & COLE, PC.
khoward@fishermaas.com
swheeler@fishermaas.com
arcole@fishermaas.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2026, a copy of the foregoing was filed electronically and that a copy was served to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Stephen M. Wagner
Alexander R. Carlisle
WAGNER REESE, LLP
swagner@wagnerreese.com
acarlisle@wagnerreese.com
*Attorney for Plaintiffs*

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com
*Attorney for Defendants,*
*Scott Alcorn and Tanya Perry*

Richard K. Shoultz
Benjamin A. Katchur
LEWIS WAGNER & TRIMBLE
bkatchur@lewiswagner.com
rshoultz@lewiswagner.com
*Attorney for Defendants, LM Insurance*
*Corporation and Liberty Insurance Corporation*

Nancy D. Adams
Julia Hutchinson Morton
MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C.
nadams@mintz.com
jhutchinsonmorton@mintz.com
*Attorney for Defendants, LM Insurance*
*Corporation and Liberty Insurance Corporation*

*/s/Kimberly E. Howard*
Kimberly E. Howard